IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                           CRIMINAL NO. 2:99-00012-01

**CALVIN DOUGLAS DYESS**

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendants' motions, pursuant to 18 U.S.C. § 3582(c)(2), for a sentence reduction based on subsequent reductions in the applicable sentencing guideline. Both the United States and defendant, through counsel, have filed written memoranda addressing defendant's eligibility for a reduction. While the United States contends that defendant is not eligible for such a reduction, defendant argues that he is.

Having extensively reviewed the record in this case, as well as the parties' submissions, the court finds that there has been no specific finding as to the amount of relevant conduct attributable to defendant. The sentencing court found that "even crediting very conservatively the testimony that was given in this case, the defendant is at level 38." Sentencing Transcript at 428. Furthermore, on remand, the undersigned agreed that the untainted evidence exceeded the 1.5 kilograms of crack cocaine necessary to trigger a Base Offense Level of 38.

In <u>United States v. Mann</u>, the Fourth Circuit held that the district court had not erred in holding that when it

originally sentenced the defendant in that case "it had made no finding of a sufficient drug quantity to make Mann ineligible for a sentence reduction." 709 F.3d 301, 307 (4th Cir. 2013). The court believes that this case is similar to Mann because there has been no specific finding as to the drug quantity used to calculate Dyess's sentence. Rather, up to this point, the focus has been on whether the evidence was sufficient to apply a Base Offense Level of 38. Therefore, the court is persuaded that it should make a specific finding as to the drug quantity relevant to defendant's conduct in order to determine his eligibility for a sentence reduction. "[N]othing prevents the court from making new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination." United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010) (quoted in Mann, 709 F.3d at 306).

The court is considering using defendant's admitted conduct in establishing the relevant conduct amount, i.e., "12 to 17 kg of cocaine, a hundred pounds of marijuana, and 18 to 20 ounces of crack cocaine." United States v. Dyess, 478 F.3d 224, 229 (4th Cir. 2007). Based on the foregoing, the parties are hereby directed to file memoranda with the court that:

    1)    indicate if defendant would be eligible for a sentence reduction if the court were to rely on the foregoing drug quantities. The parties should

provide their calculation(s) regarding the applicable guideline range.

2) indicate any objection to the court's use of defendant's proffer to establish drug quantity. If a party objects, it should offer an alternative amount that is: a) specific; and b) supported by the untainted evidence of record with specific citation thereto.

3) address whether defendant should receive a sentence reduction even if he is deemed eligible for one. In particular, the parties should focus on the § 3553 factors, defendant's post-sentencing conduct, and the issue of public safety.

4) address any other issues that should bear on the court's decision in this regard.

The parties' submissions should be filed no later than **August 11, 2017,** unless an extension of time is granted for good cause shown.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Defendant, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED** this 7th day of July, 2017.

ENTER:

David A. Faber
Senior United States District Judge